**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 98-50263

———————

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

LUIS CARLOS DOMINGUEZ-GARCIA,

        Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(A-97-CR-177-3)

April 15, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Defendant Luis Carlos Dominguez-Garcia ("Dominguez") appeals his conviction and sentence for possession of narcotics and conspiracy to possess narcotics, in violation of 21 U.S.C. §§ 841, 846. We affirm.

I

    First, Dominguez contends that the district court erred by admitting a police officer's testimony about a tip he received, which implicated Dominguez in illegal drug-trafficking. Dominguez argues that the officer's testimony was inadmissible hearsay and was unduly prejudicial. We review a district court's evidentiary rulings for abuse of discretion. *See United States v.*

---

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

*Clements*, 73 F.3d 1330, 1334 (5th Cir. 1996).

The officer testified that he had "received information that a Dominguez and a Resendez were . . . scheduled to travel on the train the next morning and may possibly be carrying drugs." The district court admitted the testimony for the limited purpose of evaluating why the officer acted as he did during the course of his investigation. The court instructed the jury members that they could not consider the evidence for the truth of the matter stated by the informant.

The government is entitled to give the jury background information on why the officers acted as they did in investigating a possible crime. *See United States v. Carrillo*, 20 F.3d 617, 620 (5th Cir. 1994). Such statements are not hearsay. *See id.* at 619. Nor are such statements unduly prejudicial where, as here, the trial court instructs the jury that the statement is not admitted for the truth of the matter asserted. *See United States v. Parker*, 133 F.3d 322, 328 (5th Cir. 1998). Accordingly, the district court did not abuse its discretion in admitting the officer's testimony.

II

Dominguez also asserts that he was denied a fair trial because the government's closing argument impugned the defense counsel's integrity. The government attorney stated to the jury that defense counsel was "trying to make sure that you get diverted away from what is the true issue in this case and what is the heart and soul of this case." Comparing defense counsel to a "football team['s] . . . offensive line," the government attorney accused her opponent of "trying to throw off the defensive line so that they're not looking at the ball."

It is improper for the government to "impugn the integrity of a particular lawyer or that of lawyers in general, without basis in fact, as a means of imputing guilt to the defendant." *United States v. McDonald*, 620 F.2d 559, 564 (5th Cir. 1980). However, the government's statements to the jury constitute reversible error only when they are so improper that they affect a defendant's substantial rights. *See United States v. Vaccaro*, 115 F.3d 1211, 1215 (5th Cir. 1997).

We conclude that the statements made by the government in this case did not affect Dominguez's substantial rights. During its argument to the jury, the government is allowed to

comment on the weight of the evidence and defense counsel's trial strategy.  *See United States v. Tomblin*, 46 F.3d 1369, 1390 (5th Cir. 1995).  Thus we have declined to reverse convictions simply because the government argued that defense counsel's strategy aimed to mislead the jury.  *See, e.g.*, *id.* (upholding conviction where prosecutor argued that defense counsel did not want to try the case and instead "tried to try a different case"); *United States v. Livingston*, 816 F.2d 184, 195 (5th Cir. 1987)  (holding that a prosecutor's repeated statements that the defense attorneys "disguise[d]" the truth "did no more than attack the inferences that the defense drew from the evidence"); *United States v. Shackelford*, 709 F.2d 911, 913 (5th Cir. 1983) (upholding conviction where prosecutor argued that defense counsel tried to "trick[]" the jury).  The arguments made in this case are no more prejudicial to the defendant's substantial rights than were the arguments in such past cases.  We therefore find that the government's statements to the jury do not warrant reversal.

III

Accordingly, we affirm Dominguez's conviction and sentence.